# UNITED STATES DISTRICT COURT

for

# WESTERN DISTRICT OF TENNESSEE

FILED BY ___ D.C.

05 JUN 10 PM 5:05

ROBERT R. DI TROLIO

U.S.A. vs. Fred Jeter, Jr.

Docket Nos. 2:99CR20079-002
W.D. OF TN, MEMPHIS

## Petition on Probation and Supervised Release

**COMES NOW** Lorin J. Smith, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Fred Jeter, Jr., who was placed on supervision by the Honorable Julia Smith Gibbons United States District Judge, sitting in the Court at Memphis, Tennessee on the 31th day of March, 2000, who fixed the period of supervision at four (4) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in substance abuse treatment and testing as deemed appropriate by the probation office.

\* Supervised Release began on September 3, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
*(If short insert here; if lengthy write on separate sheet and attach)*

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** that **WARRANT** be issued for Fred Jeter, Jr. to appear before the United States District Court to answer to charges of violation of Supervised Release.

**BOND:** _____

## ORDER OF COURT

Considered and ordered this _10th_ day of _June_, 20_05_, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 3, 2005_

_____
Lorin J. Smith
U.S. Probation Officer

Place: Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-13-05

400

RE:  Fred Jeter, Jr.
     Docket No. **2:99CR20079-002**
     Probation Form 12
     Page 2


## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state or local crime.**

On April 28, 2005, Mr. Fred Jeter, Jr. was arrested by the Hudspeth County, TX Sherriff's Department for Possession of Marijuana over 4 Ounces and under 5 Pounds, and Manufacturing or Delivery of a Controlled Substance: Codeine.

On April 28, 2005, United States Immigration and Naturalization Officer Robert Jock, along with his assigned K-9 began an inspection of the baggage compartment underneath a Greyhound bus. The K-9 alerted on a black duffel bag and two soft sided suitcases. Fred Jeter, Jr. and his traveling companion, Kristen Saunders, stated that the baggage belonged to them.

Upon inspection of the baggage a plastic wrapped bundle containing 4.80 pounds of marijuana was found. Additionally, twenty-one (21) one pint bottles of Prometh with Codeine Syrup was found.

Mr. Jeter appeared before Magistrate Judge B. Brock of the Hudspeth County Court on April 29, 2005. Mr. Jeter has been released on $20,000.00 bond for each charge. As of May 31, 2005, the Hudspeth County Court has not set a hearing date or time for the charges to be heard in Mr. Jeter's case.

**The defendant shall not leave the judicial district without the permission of the court or the probation officer.**

Mr. Fred Jeter, Jr. was arrested in Sierra Blanca, TX. Mr. Jeter did not have permission to leave the Western District of Tennessee.

At the time of his arrest in Sierra Blanca, TX, Mr. Jeter was on a Greyhound bus which had just crossed the border from the country of Mexico into the United States. Mr. Jeter did not have permission to be outside of the United States.

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Mr. Fred Jeter, Jr. failed to notify the probation officer within 72 hours of being arrested.

## VIOLATION WORKSHEET

1. Defendant: <u>Fred Jeter, Jr., 2882 Mendenhall, Memphis, TN 38115</u>

2. Docket Number: <u>2:99CR20079-002</u>

3. District/Office: <u>Western District of Tennessee, Memphis</u>

4. Original Sentence Date   <u>March</u>        <u>31</u>         <u>2000</u>
                              month          day         year

*(If different than above):*

5. Original District/Office:

6. Original Docket Number :

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| New Criminal Conduct: Possession of Marijuana | A |
| New Criminal Conduct: Manufacture or Delivery of Codeine | A |
| Leaving the Judicial District | C |
| Failure to Notify Probation Officer of Arrest | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    A

9. Criminal History Category (see §7B1.4(a))74    VI

10. Range of imprisonment (see §7B1.4(a))     | 33 - 41 months |

    The Statutory Maximum is 36 months.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { } (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

    { } (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

    {X} (c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant: Fred Jeter, Jr.**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine community confinement, home detention, or intermittent confinement Previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see § 7B1.3(d)}:

    Restitution____N/A____          Community Confinement____N/A____

    Fine_____N/A_____          Home Detention_____N/A_____

    Other/Special Assessment __N/A__   Intermittent Confinement__N/A__

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3{see § §7B1.3(g) (1)}.
    Term:

    If supervised release is revoked and the term of imprisonment imposed is less than the maxim term of imprisonment upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see18U.S.C.§3583(e) and §7B1.3(g) (2)}.

    Period of supervised release to be served following release from imprisonment: [__]

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment {see §7B1.3(e)}: [Adjust Months] months [Adjust Days] days**

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 400 in case 2:99-CR-20079 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT